IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CR-22-1H

UNITED STATES OF AMERICA,  )
                           )
    v.                     )
                           )         **ORDER**
                           )
JOKWAN LAMAR HARVEY,       )
    Defendant.             )

This matter is before the court on defendant's motions for compassionate release [DE #121, #122, #126, #132, #134] as well as defendant's motion to expedite ruling on his motions [DE #133]. Defendant filed his initial motions pro se. Counsel was appointed under Standing Order 19-SO-3, and counsel filed a memorandum and documents in support [DE #127 and #128].[1] The government has responded in opposition [DE #131, #135 and #136], and defendant filed a reply pro se [DE #138]. Defendant filed a letter pro se in support of his motion [DE #140].

On June 3, 2013, defendant, pursuant to a written plea agreement, entered a plea of guilty to the use of an unauthorized access devices, in violation of 18 U.S.C. § 1092(a)(2) (Count One)

---

[1] Counsel also requests that this court make a sentencing recommendation to the BOP that defendant be immediately re-designated to home confinement to serve the remainder of his sentence pursuant to 18 U.S.C. § 3621(b)(4)(B). The court declines to make such a recommendation.

1

and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1) (Count Three). On February 14, 2014, this court sentenced petitioner to a total term of imprisonment of 108 months, 84 months on Count One and 24 months consecutive on Count Three.

Defendant is currently serving his sentence at Butner Federal Medical Center with a projected release date of February 2022. The government acknowledges that defendant made an administrative request for compassionate release. Specifically, defendant sent a request to the warden on April 17, 2020, and that request was denied on April 20, 2020. Per his counsel, he followed the administrative appeal process within BOP, and all his appeals have been denied.

## COURT'S DISCUSSION

**I. Standard of Review**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[2] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

---

[2] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]
18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable

3

guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted).

## II. Analysis

As noted above, the government does not dispute that defendant has exhausted his administrative remedies.

Defendant contends the COVID-19 pandemic and his particular underlying conditions warrant extraordinary and compelling circumstances justifying his release. The government does not challenge that defendant suffers from underlying medical conditions that make him more susceptible to COVID-19 infection, but argues the 3553(a) factors weigh against compassionate release.

Defendant is currently 39 years old. In 2020, defendant was diagnosed with Type 2 diabetes and prescribed insulin to be administered twice daily. His most current submission indicates that he was diagnosed with COVID-19 in November 2020 and nothing in the record indicates that he has not recovered, except for perhaps his sense of taste and smell. His submissions also indicate that on November 18, 2020, he refused treatment recommended by medical staff for his diabetes [DE #138-1]. He also notes his mother is 71 years old and requires assistance with

4

daily living.  He additionally requests release so he can care for his aging mother, as there are no other family members in close proximity who are able to assist.  In the BOP, he has earned his GED and taken multiple courses.

Turning to the 3553(a) factors, defendant had two repeated convictions for aggravated identity theft and relate charges. Defendant stole the identities of at least 25 individuals, was actively engaged in a fraudulent scheme over many years and restarted his criminal schemes within months of his last release. The government notes defendant's lengthy criminal history, including over 10 state court convictions from age 19 to 23, before his first of two federal imprisonments.  Defendant was only out of custody for approximately 3 months before the start of the offense conduct for which he is currently incarcerated.  The government also notes several violations within the BOP [DE #131 at 3].

Even if the court assumes defendant has shown extraordinary and compelling reasons for his release based on his underlying conditions,  the § 3553(a) factors do not justify release for the reasons set forth above. See United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]").

While the court acknowledges the seriousness of defendant's

5

underlying conditions, defendant is only 39 years of age and appears to have already contracted COVID-19 and recovered. Further, the 3553(a) factors and defendant's post sentencing conduct weigh against early release. Therefore, defendant's motions for compassionate release [DE #121, #122, #126, #132, #134] are DENIED. Defendant's motion to expedite ruling on his motions [DE #133] is deemed moot.

    This <u>16th</u> day of March 2021.

                                                _____
                                                Malcolm J. Howard
                                                Senior United States District Judge

At Greenville, NC
#26